UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


NIDIA DEL CARMEN
MARTINEZ GONZALEZ,

        *Petitioner*,

v.

                                                          Case No. 3:26-cv-792-JEP-PDB

MARKWAYNE MULLIN,[1] et al.,

        *Respondents*.
_____/

## ORDER

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to provide her with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release her. (Doc. 1 at 12). Petitioner, a citizen of Nicaragua, alleges that she entered the United States without inspection around October 28, 2022, and ICE detained her on January 10, 2026. (*Id.* at 4). She contends, among other things, that her mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See id.* at 5-12). At the heart of

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

this case is Petitioner's contention that her detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Doc. 1).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1276 (11th Cir. 2026).[2] The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 8).

---

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that her detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on June 17, 2026.

_____

JORDAN E. PRATT

UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

---

opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3